# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WEST VIRGINIA UNIVERSITY HOSPITALS, INC.,** | : | |
| | : | No. 1:CV-06-82 |
| **Plaintiff** | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **EDWARD G. RENDELL, Governor** of the Commonwealth of Pennsylvania; **ESTELLE B. RICHMAN, Secretary** of the Department of Public Welfare; and **JAMES HARDY, Deputy Secretary** For Medical Assistance Programs, | : | (Electronically Filed) |
| **Defendants** | : | |

## DEFENDANTS' RULE 56(f) MOTION

Defendants, by their attorneys, herby move the Court pursuant to Fed.R.Civ. P. 56(f) to deny that part of plaintiff's summary judgment motion premised upon the Commerce Clause and the Equal Protection Clause in the above-captioned case. In support of this motion, defendants state the following:

1. This is an action by a West Virginia hospital challenging the level of disproportionate share payments they receive from Pennsylvania for providing medical services to Pennsylvania medical assistance recipients.

2. Plaintiff's challenge is based upon the Medicaid Act, the Commerce Clause and the Equal Protection Clause.

3. Before any discovery was conducted, plaintiff has moved for summary judgment in its favor on all its claims. Plaintiff has also moved to enforce the judgment entered in 1988 in *West Virginia University Hospital, Inc. v. Casey,* 710 F. Supp. 496 (M.D.Pa 1988)(*West Virginia v. Casey*).

4. Defendants are this day filing their brief opposing that portion of plaintiff's summary judgment motion premised upon the Medicaid Act. Defendants have included their brief an argument opposing plaintiff's motion to enforce the *West Virginia v. Casey* judgment as well.

5. However, without discovery, defendants are unable to oppose that portion of plaintiff's summary judgment which is premised upon the Commerce Clause and the Equal Protection Clause because they do have sufficient information in their possession, custody or control to permit them to respond to plaintiff's supporting documentation.

6. Defendants need discovery from the plaintiff to enable them to respond to and counter its claims alleging Commerce Clause and Equal Protection Clause violations.

**WHEREFORE**, defendants ask the Court to grant this motion, deny that part of plaintiff's motion for summary judgment premised upon the Commerce Clause and the Equal Protection Clause and allow discovery to proceed.

                **Respectfully submitted,**

                **THOMAS W. CORBETT, JR.**
                **Attorney General**

**By:**    **s/*Gwendolyn T. Mosley***

**Office of Attorney General**    **GWENDOLYN T. MOSLEY**
**Civil Litigation**    **Senior Deputy Attorney General**
**15th Floor, Strawberry Square**    **Attorney I.D. No. 29157**
**Harrisburg, PA 17120**
**(717) 787-1180 – Phone**    **SUSAN J. FORNEY**
**(717) 772-4526 – Fax**    **Chief Deputy Attorney General**
**Date:   June 15, 2006**

                **Chief, Litigation Section**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WEST VIRGINIA UNIVERSITY HOSPITALS, INC.,** | |
| Plaintiff | No. 1:CV-06-82 |
| v. | (Judge Rambo) |
| **EDWARD G. RENDELL,** Governor of the Commonwealth of Pennsylvania; **ESTELLE B. RICHMAN,** Secretary of the Department of Public Welfare; and **JAMES HARDY,** Deputy Secretary For Medical Assistance Programs, | (Electronically Filed) |
| Defendants | |

## CERTIFICATE OF SERVICE

I, **GWENDOLYN T. MOSLEY**, Senior Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on June 6, 2006, I caused to be served a true and correct copy of the foregoing Defendant's Rule 56(f) Motion via electronic filing to the following individual:

Jay M. Levin, Esquire
jmlevin@reedsmith.com

                                          s/Gwendolyn T. Mosley
                                          GWENDOLYN T. MOSLEY
                                          Senior Deputy Attorney General