IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WEST VIRGINIA UNIVERSITY HOSPITALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> EDWARD G. RENDELL, Governor of the Commonwealth of Pennsylvania, et al., <br><br> Defendants. | Civil No. 1: CV-06-0082 <br><br> JUDGE SYLVIA H. RAMBO |

# **MEMORANDUM AND ORDER**

The background of this order is as follows. On January 11, 2006, Plaintiff filed a complaint alleging violations of the United States Constitution's Equal Protection Clause and Commerce Clause, 42 U.S.C. § 1983, the federal Medicaid program established under title XIX of the Social Security Act, which is codified at 42 U.S.C. §§ 1396 *et seq.* (hereinafter "the Medicaid Act"), and the court's October 18, 1990 order in *West Virginia University Hospitals, Inc. v. Casey*, docketed at Civil No. 1:86-0955.

On May 12, 2006, Plaintiff filed a motion for summary judgment (Doc. 22) and a motion to enforce judgment (Doc. 25); the brief in support of both motions was filed on May 15, 2006 (Doc. 28). On June 15, 2006, Defendants filed a motion for discovery pursuant to Federal Rule of Civil Procedure 56(f) (Doc. 33), stating that discovery was required before they could adequately respond to Plaintiff's summary judgment arguments on the Equal Protection and Commerce Clause issues. Defendants also filed a brief opposing Plaintiff's motions (Doc. 34) that addressed

only the issues pertaining to the Medicaid Act and judgment enforcement claims on June 16, 2006.[1]

Defendants' brief in support of their Rule 56(f) motion argued that because Plaintiff's summary judgment motion was filed so early in the litigation, prior to any opportunity for discovery, the court should grant the Rule 56(f) discovery request "fairly freely."  (*See* Doc. 33 at 1) (relying upon *Burlington N. & Santa Fe Ry. Co. v. The Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)).  Otherwise, Defendants stated only that "they do not have sufficient information to permit them to submit opposing affidavits or otherwise respond to the averments in plaintiff's statement of undisputed material facts which support its claims premised upon the Commerce Clause and the Equal Protection Clause."  (Doc. 33 at 2.)  In addition, Defendants filed a declaration of William Miller (Doc. 32) that stated that Defendants lacked sufficient information to respond to averments in Plaintiff's Rule 56.1 statement of material facts, specifically the averments in paragraphs 3, 4, 7, 8, 10, 11, 13-18, 20, 23-25, 40-43, 54-49, and 64.  (Doc. 32, Miller Decl. ¶ 9.)

On June 23, 2006, the court held a telephonic conference call with the parties to try to clarify the nature and scope of Defendants' discovery request, during which Defendants' counsel maintained that general discovery was necessary in order to properly respond to the Commerce Clause and Equal Protection Clause issues

---

[1] Documents 33 and 34 were originally filed simultaneously, but Document 34 was re-filed on June 16, 2006 due to a clerical error.

raised in Plaintiff's summary judgment motion. On June 27, 2006, Plaintiff filed a motion to stay briefing pending the resolution of the Rule 56(f) motion (Doc. 36).

> Rule 56(f) provides:
>
> Should it appear from the affidavits of a party opposing the [summary judgment] motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f). In the Third Circuit, the rule has been interpreted as requiring an affidavit, identification of the information sought, and explanations of how the desired information would prevent summary judgment and why it had not already been obtained. *Pastore v. Bell Telephone Co.*, 24 F.3d 508, 510-11 (3d Cir. 1994); *Dowling v. City of Phila.*, 855 F.2d 136, 139-40 (3d Cir. 1988). The case law reviewed by the court does not suggest that just because Rule 56(f) motions may be "fairly freely" granted at this stage of the proceedings, *see Burlington Northern*, 323 F.3d at 773, Defendants are relieved of these requirements.

Defendants' motion, supporting brief, and the attached declaration of William Miller fall short of Rule 56(f)'s requirements. Defendants fail to identify the scope of discovery sought with sufficient specificity or explain how the information would aid in opposing Plaintiff's summary judgment motion and why the information has not already been obtained.[2] Given the early stage of the proceedings, the court deems it just to require Defendants to file an amended motion

---

[2] The court notes that although Defendants appear to base their request on the fact that no discovery has occurred yet, Plaintiff suggested in the June 23, 2006 conference call that Defendants should already possess sufficient information to adequately address the summary judgment issues.

3

that complies with the requirements of the rule.  Accordingly, the court will also grant Plaintiff's motion to stay all further briefing in this matter pending the disposition of the amended Rule 56(f) motion.

In accordance with the foregoing, **IT IS HEREBY ORDERED THAT**:

1) Defendants shall file an amended Rule 56(f) motion that complies with the requirements set forth in Federal Rule of Civil Procedure 56(f), no later than July 10, 2006.

2) Plaintiff's motion to stay briefing is **GRANTED.**  The schedule for briefing of Plaintiff's summary judgment motion is stayed pending further order of the court.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  June 29, 2006.