IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WEST VIRGINIA UNIVERSITY HOSPITALS, INC.,** | : Civil No. 1: CV-06-0082 |
| Plaintiff, | : **JUDGE SYLVIA H. RAMBO** |
| v. | : |
| **EDWARD G. RENDELL, Governor** of the Commonwealth of Pennsylvania, *et al.*, | : |
| Defendants. | : |

## **M E M O R A N D U M**

This cases arises out of a dispute over whether Plaintiff is entitled to receive certain payments under the Pennsylvania Trauma Systems Stabilization Act (hereinafter "the Trauma Act").[1] Specifically, Plaintiff alleges that its exclusion from classes authorized to receive trauma disproportionate share payments under the Trauma Act violates the Constitution's Equal Protection and Commerce Clauses, Title XIX of the Social Security Act, 42 U.S.C. §§ 1396 *et seq.* (hereinafter "the Medicaid Act"), 42 U.S.C. § 1983, and this court's October 18, 1990 order in *West Virginia University Hospitals, Inc. v. Casey*, No. 1:86-cv-0955, slip. op. (M.D. Pa. Oct. 18, 1990) (hereinafter "the October 18, 1990 order").

Presently before the court is Defendants' Amended Rule 56(f) Motion (Doc. 39), in which Defendants seek to stay Plaintiff's summary judgment motion (Doc. 22) in order to conduct discovery relevant to the Equal Protection and Commerce Clause issues. The issue before the court is whether Defendants have satisfied the requirements of Federal Rule of Civil Procedure 56(f) by providing an

---

[1] The Trauma Act is codified at 35 Pa. Cons. Stat. Ann. §§ 6943.1 *et seq.*

affidavit, identifying the information they seek, and explaining how the desired information would prevent summary judgment and why they have not previously obtained it.  The parties have briefed the issue, and the matter is ripe for disposition.  Because Defendants fail to sufficiently explain how the requested information would prevent summary judgment, the court will deny the motion.

I.         **History**

On January 11, 2006, Plaintiff filed the complaint, seeking declaratory relief and monetary damages for its Equal Protection, Commerce Clause, Medicaid Act, § 1983, and judgment enforcement claims.[2]  Five months later, on May 12, 2006, Plaintiff filed a motion for summary judgment (Doc. 22) and a motion to enforce judgment (Doc. 25); the brief in support of both motions was filed on May 15, 2006 (Doc. 28).  On June 15, 2006, Defendants filed a motion for discovery pursuant to Federal Rule of Civil Procedure 56(f) (Doc. 33), stating that discovery was required before they could adequately respond to Plaintiff's summary judgment arguments on the Equal Protection and Commerce Clause issues.  On June 16, 2006, Defendants also filed a brief opposing Plaintiff's motions (Doc. 34) that addressed only the issues pertaining to the Medicaid Act and judgment enforcement claims.[3]

---

[2] Plaintiff asks this court to declare the Trauma Act unconstitutional in violation of the Equal Protection and Commerce Clauses.  Plaintiff also asks this court to declare that the Defendants' actions violate the Equal Protection Clause, Commerce Clause, § 1983, and the October 18, 1990 order.  Finally, Plaintiff seeks reimbursement for all trauma disproportionate share payments that WVUH alleges it should have received pursuant to the October 18, 1990 order, including interest.

[3] Documents 33 and 34 were originally filed simultaneously, but Document 34 was re-filed on June 16, 2006 due to a clerical error.

Defendants' brief in support of their Rule 56(f) motion argued that because Plaintiff's summary judgment motion was filed so early in the litigation, prior to any opportunity for discovery, the court should grant the Rule 56(f) discovery request "fairly freely." (*See* Doc. 33 at 1) (relying upon *Burlington N. & Santa Fe Ry. Co. v. The Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)). Otherwise, Defendants stated only that "they did not have sufficient information to permit them to submit opposing affidavits or otherwise respond to the averments in [P]laintiff's statement of undisputed material facts which support its claims premised upon the Commerce Clause and the Equal Protection Clause." (Doc. 33 at 2.)

On June 23, 2006, the court held a telephonic conference call with the parties to try to clarify the nature and scope of Defendants' discovery request, during which Defendants' counsel maintained that general discovery was necessary in order to properly respond to the Commerce Clause and Equal Protection Clause issues raised in Plaintiff's summary judgment motion. On June 27, 2006, Plaintiff filed a motion to stay briefing pending the resolution of the Rule 56(f) motion (Doc. 36). On June 29, 2006, the court issued a Memorandum and Order granting Plaintiff's motion to stay further briefing until the resolution of the present motion (Doc. 38). In addition, the court found that Defendants' Rule 56(f) motion did not adhere to the requirements of Rule 56(f) as interpreted by the Third Circuit and ordered the Defendants to submit an amended Rule 56(f) motion that complied with those requirements. (*Id.*)

On July 10, 2006, Defendants filed an amended Rule 56(f) motion, a supporting brief and a declaration from James Hardy, the Deputy Secretary for the Office of Medical Assistance Programs at the Pennsylvania Department of Public Welfare (Doc. 39). On August 3, 2006, Plaintiff filed its brief in opposition to Defendants' motion (Doc. 41), and on August 22, 2006, Defendants submitted their reply brief (Doc. 42).[4] Thus, the matter is ripe for disposition.

## II.     **Legal Standard**

Federal Rule 56(f) gives the district court discretion to delay action on a summary judgment motion in appropriate circumstances. *St. Surin v. V.I. Daily News, Inc.* 21 F.3d 1309, 1313 (3d Cir. 1994). Rule 56(f) provides:

> Should it appear from the affidavits of a party opposing the [summary judgment] motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f). In the Third Circuit, the rule has been interpreted as requiring an affidavit, identification of the information sought, and explanations of how the desired information would prevent summary judgment and why it had not already been obtained. *Pastore v. Bell Tel. Co.*, 24 F.3d 508, 510-11 (3d Cir. 1994); *Dowling v. City of Phila.*, 855 F.2d 136, 139-40 (3d Cir. 1988).

---

[4] The court notes that Defendants filed their reply brief beyond the time allowed by the local rules. Given that Defendants' filing was only one day late and Plaintiff has not raised an issue regarding timeliness, the court will consider Defendants' reply brief.

The Ninth Circuit has noted that where "a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery related to its theory of the case, district courts should grant any Rule 56(f) motion fairly freely." *Assiniboine,* 323 F.3d at 773.  The Ninth Circuit's "fairly freely" touchstone does not entitle every non-moving party to discovery under Rule 56(f) when a summary judgment motion has been filed prior to discovery, but it does suggest a less stringent standard than when the parties have already engaged in discovery.  *See id.* at 774 ("[W]here . . . no discovery whatsoever has taken place the party making a Rule 56(f) motion cannot be expected to frame its motion with great specificity as to the kind of discovery likely to turn up useful information, as the ground for such specificity has not yet been laid.").

### III.     Discussion

Defendants' motion meets the affidavit and specificity requirements of Rule 56(f) by submitting the affidavit of James Hardy and identifying the specific information sought.  However, Defendants have not elaborated how the information sought will preclude summary judgment, and thus, they have failed to meet the explanation requirement of Rule 56(f).  Generally, Defendants' Rule 56(f) motion states that, without discovery, they are unable to address the portion of Plaintiff's summary judgment motion that is based on the Equal Protection Clause and the Commerce Clause.  (Doc. 30 ¶ 5.)   Additionally, Defendants seek discovery relating to Plaintiff's standing and the issue of damages.  (Doc. 39 ¶ 15.)  In seeking discovery relating to these four issues, *i.e.*, Equal Protection Clause, Commerce

Clause, damages, and standing, Defendants identify four categories of information sought. (Doc. 39.)

First, Defendants request information regarding Plaintiff's accreditation. Specifically, Defendants aver that Plaintiff submitted documentation as part of its summary judgment motion that suggests that WVUH would be an accredited Level I trauma center in Pennsylvania[5] and that Defendants do not have information in their possession, custody, and control that allows them to respond to Plaintiff's accreditation claims. (Doc. 39 ¶¶ 10-11.) Second, Defendants claim that they do not have information concerning disproportionate payments that WVUH receives from other states. (*Id.* ¶ 12.) Third, Defendants state that they do not have reliable information necessary to refute WVUH's trauma capabilities. (*Id.* ¶ 13.) Finally, Defendants assert that they "do not have information necessary for [D]efendants to evaluate [P]laintiff's claim that the trauma disproportionate share payment scheme impacts adversely upon its profit margins. Defendants need discovery related to [P]laintiff's financial situation." (*Id.* ¶ 14.)

In its brief in opposition, Plaintiff argues that Defendants have not met the requirements of a Rule 56(f) motion because (1) Defendants have already admitted that they treat WVUH differently from other similarly situated Pennsylvania hospitals with Level I trauma centers solely because WVUH is located outside the border of Pennsylvania, and therefore, discovery related to whether the Hospital is "similarly situated" is not necessary; (2) Defendants have not

---

[5] Defendants state that Plaintiff submitted documentation with its summary judgment motion that designates WVUH as a Level I trauma center in the state of West Virginia. Defendants also aver that Plaintiff's summary judgment motion states that WVUH meets or exceeds the thirty-eight standards identified by the Pennsylvania Trauma System Foundation for Pennsylvania trauma centers. (Doc. 39.)

demonstrated how the information sought could be used to challenge standing; and (3) Defendants seek information related to damages, none of which is relevant to the issues of liability presented in Plaintiff's summary judgment motion. (Doc. 41 at 7-8.) Each issue for which Defendants seek discovery will be addressed in turn.

### A. Damages

Defendants claim that the information sought is necessary to determine the issue of damages. This claim is inappropriate. The current summary judgment motion does not address the issue of damages but rather goes to issues pertaining to liability. Therefore, any information requested that relates to the issue of damages is irrelevant at this stage of the litigation. *See Cmty. Heath Care Ass'n of N.Y. v. Mahon,* 106 F. Supp. 2d 523, 534 (S.D.N.Y. 2000) (holding that the information sought did not give rise to a genuine issue of material fact and that the Rule 56(f) motion was denied because the information sought went to the issue of damages which was not before the court at that time). Defendants' request to seek discovery related to damages is denied.

### B. Commerce Clause

Defendants fail to sufficiently explain how their discovery requests will preclude summary judgment on the Commerce Clause issue because they do not establish how the information sought would support their claim that the Act serves a legitimate purpose. In addressing Plaintiff's Commerce Clause argument, Defendants provide the standard for a Constitutional challenge by stating that a law may discriminate against interstate commerce so long as the law has a legitimate local purpose and that purpose cannot be adequately served by nondiscriminatory alternatives. (Doc. 39 ¶ 9.) Therefore, a party may defend a Commerce Clause

allegation by showing that a law is nondiscriminatory or by providing a legitimate local purpose. Defendants take the position that they will defend Plaintiff's Commerce Clause allegation by proving that the Trauma Act has a legitimate purpose "in providing access to a coordinated trauma care system." (*Id.*) However, Defendants have not linked their request for accreditation, or any of their other discovery requests, to this legitimate purpose argument. Defendants' response must go beyond mere generalities. *See Pastore,* 24 F. 3d at 511 (holding that amorphous allegations do not meet the Rule 56(f) standard). Thus, Defendants have failed to meet the requirements of Rule 56(f), and their motion pertaining to the Commerce Clause issue is denied.

### C. Equal Protection Clause

Defendants also fail to meet the requirements of Rule 56(f) with respect to the Equal Protection Clause claim because they do not sufficiently explain how their requested discovery would preclude summary judgment on this issue. Defendants assert that they are unable to oppose Plaintiff's Equal Protection Clause without discovery because they lack sufficient information. (Doc. 39 ¶ 5.) Defendants supplement this argument in their supporting brief by stating that they need discovery to determine whether WVUH is similarly situated.[6] (Doc. 40.)

In order to preclude summary judgment on the Equal Protection issue, Defendants seek to establish that WVUH is not similarly situated to hospitals that receive disproportionate share payments. *See City of Cleburne v. Cleburne Living Center,* 473 U.S. 432, 439 (1985) (stating that under the Fourteenth Amendment all

---

[6] In their supporting brief, Defendants do not specifically link their similarly situated argument to any particular issue; therefore, the court will apply it to the issues that appear to be most relevant - Equal Protection and standing.

persons similarly situated should be treated alike). However, Defendants have already admitted that WVUH is similarly situated to Pennsylvania hospitals receiving payments. (Doc. 17 ¶ 97.) In their answer to Plaintiff's complaint, Defendants admit that they treat "WVUH differently under the Trauma Act from similarly situated Pennsylvania hospitals with Level I trauma centers solely because WVUH is located outside the border of Pennsylvania." (*Id.*) The court will deem this admission a binding judicial admission for the purposes of Plaintiff's summary judgment motion and Defendants' Rule 56(f) motion. *See Travelers Indem. Co v. Engel*, No. Civ. A. 92-4866, 1994 WL 398788, *4 (E.D. Pa. 1994) (citing *Giannone v. U.S. Steel Corp.* 238 F.2d 544, 547 (3d Cir. 1956) and *O'Neil v. Four States Builders & Remodelers, Inc.,* 484 F.Supp. 18, 20 (E.D. Pa 1979)).

Admissions are binding on the parties for the purpose of the motion currently before the court, unless the admissions are withdrawn or amended. *See Mo. Hous. Dev. Comm'n v. Brice,* 919 F.2d 1306, 1314 (8th Cir. 1990); *M. Snower & Co. v. United States,* 140 F.2d 367, 369-70 (7th Cir. 1944). Because Defendants have neither sought to amend their answer to Plaintiff's complaint nor responded to Plaintiff's argument regarding this issue in their reply brief, the court will bind Defendants to their admission that WVUH is similarly situated. Defendants' efforts to challenge whether Plaintiff is similarly situated to other Pennsylvania hospitals is negated by their admission. Therefore, Defendants have not provided a sufficient explanation as to why discovery would preclude summary judgment and therefore their Rule 56(f) motion relating to the Equal Protection issue is denied.

**D.     Standing**

9

Defendants fail to sufficiently explain how discovery would support their argument that Plaintiff lacks standing. Article III standing requires (1) injury in fact; (2) causation; and (3) redressability. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992)). Defendants assert that the requested discovery would be used to show that Plaintiff lacks standing to challenge the trauma disproportionate share payment scheme. Defendants elaborate that discovery would allow them to obtain information necessary to determine whether Plaintiff meets the eligibility requirements with regards to accreditation, which affects WVUH's ability to claim disproportionate share payments. (Doc. 42.) However, Defendants have not clearly connected their need for information regarding WVUH's accreditation status to any of the three standing requirements.

Defendants base their argument on their need to obtain information relating to whether WVUH is similarly situated. This assertion implies that WVUH is not similarly situated to other Pennsylvania hospitals that receive disproportionate share payments and therefore is not being discriminated against under the Equal Protection Clause or the Commerce Clause. Thus, WVUH arguably has not suffered an injury in fact and lacks standing. Defendants' argument fails because, as previously discussed, they have admitted that WVUH is similarly situated to Pennsylvania hospitals receiving disproportionate share payments. (Doc. 17 ¶ 97.) Accordingly, the court is satisfied that the standing requirements are met at this stage of the litigation. Defendants fail to meet the requirements of Rule 56(f) because their explanation for how the discovery requested would help them challenge standing is flawed. Therefore, the court will deny Defendants' motion with respect to discovery sought for standing purposes.

**IV.**     **Conclusion**

Defendants have not met the requirements of a Rule 56(f) motion because they have not sufficiently explained how the information sought would preclude summary judgment. Thus, their amended Rule 56(f) motion will be denied. Because Defendants' current brief in opposition to Plaintiff's summary judgment motion does not address the Commerce Clause and Equal Protection Clause issues, the court will allow Defendants to file a supplemental brief in opposition for that purpose.

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated: October 20, 2006.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WEST VIRGINIA UNIVERSITY HOSPITALS, INC.,** : | **Civil No. 1: CV-06-0082** |
| : | |
| **Plaintiff,** : | **JUDGE SYLVIA H. RAMBO** |
| : | |
| v. : | |
| : | |
| **EDWARD G. RENDELL, Governor** : | |
| **of the Commonwealth of Pennsylvania,** : | |
| **et al.,** : | |
| : | |
| **Defendants.** : | |

# O R D E R

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT** Defendants' Amended Rule 56(f) Motion (Doc. 39) is **DENIED**.

Defendants shall have until November 6, 2006 to file a supplemental brief in opposition to Plaintiff's motion for summary judgment that addresses *only* the Commerce Clause and Equal Protection issues. Plaintiff may file a reply brief thereafter, in accordance with the Local Rules of Court.

                                                   s/Sylvia H. Rambo
                                                   SYLVIA H. RAMBO
                                                   United States District Judge

Dated: October 20, 2006.