IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WEST VIRGINIA UNIVERSITY HOSPITAL, INC.,** | : CIVIL NO. 1:CV-06-0082 |
| **Plaintiff** | : |
| v. | : |
| **EDWARD G. RENDELL**, *et al.*, | : |
| **Defendants** | : |

# **M E M O R A N D U M**

## I. Background

Before the court are Plaintiff's petition and supplemental petition for counsel fees and costs in the captioned matter. The background of this case is adequately set forth in the initial petition and will not be repeated herein. Defendants have filed objections to which Plaintiff has responded and the matter is ripe for disposition.

Defendants objections are as follows:

1. Plaintiff should not recover fees on claims for which it was unsuccessful.

2. The hourly rates for attorneys are not properly supported.

3. The hours were not reasonably expended.

4. The hours expended before January 11, 2006 should not be compensated.

5. The time spent on unnecessary matters should be excluded.

6. The hours inadequately documented should be excluded.

7. Certain costs are not properly supported.

8. Excessive hours have been spent on the preparation of the fee applications.

**II. Discussion**

  **A. Fees for Unsuccessful Claims**

  Defendants argue that the hours spent on claims alleging a violation of the Medicaid Act and its implementing regulations and the request to enforce this court's order of October 18, 1990 from a previous litigation[1] should not be compensated. This court decided the instant case on constitutional grounds and did not address the other claims. The claims not addressed by the court were alternative grounds of pleading. Since the court did not address these alternative grounds, whether any would have been successful is not known. In any event, under *Hensley v. Eckerhard*, 461 U.S. 424, 435 (1983), hours expended on alternative grounds for relief are recoverable. Therefore the objection is overruled.

  **B. Hourly Rates**

  Defendants argue that the hourly rates should be decided on the "forum rate rule," i.e. the prevailing rate for services in the district in which the litigation was commenced. *Public Interest Research Group of N.J., Inc. v. Wendall*, 51 F.3d 1179, 1185 (3d Cir. 1995) (Defs.' Br. in Op. to Fee Pet. at p. 5).

  Plaintiff argues that there are two exceptions to this rule: (1) when the need for special expertise of counsel from a distant district is shown, and (2) when local counsel are unwilling to handle the case. *Interfaith Comm. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 704 (3d Cir. 2005) (Pltf.'s Reply Br. at p. 2). Plaintiff argues that this case is a Medicaid disproportionate share reimbursement dispute that required the expertise of health care experienced attorneys from a different district. The court notes that in support of its fee rates, Plaintiff supplies an affidavit from a local attorney, Robert Hoffman (Decl. of Robert B. Hoffman, doc. 79-9),

---

[1] *See West Virginia University Hosp., Inc. v. Casey*, 701 F. Supp. 496 (M.D. Pa. 1988), 885 F.2d 11 (3d cir. 1988), 499 U.S. 83 (1991).

who, for twenty years has been involved in health care litigation. The court recognizes that Mr. Hoffman does not indicate that he has ever been involved in Medicaid litigation.

This court takes judicial notice that in a Medicaid case previously before this court, *West Virginia University Hosp., Inc. v. Casey*, 701 F. Supp. 496 (M.D. Pa. 1988), 885 F.2d 11 (3d cir. 1988), 499 U.S. 83 (1991), local counsel, Jack Stover, played a prominent role in litigating the case. This court recognizes that case was twenty years ago and whether or not local counsel was available for the instant case is not ascertainable. The court notes, however, that lead counsel in the earlier case was attorney Krebs-Markrich who is lead counsel in the instant matter.

While reluctant to do so, the court will grant the fee rates as submitted and supported by affidavits. This ruling applies to fee rates of non-attorneys. The objection is overruled.

### C. Reasonableness of Hours Expended

The court is deeply concerned that ten attorneys, five librarians, and two paralegals were involved in litigating the case for Plaintiff. In *Goodwin v. Metts*, 973 F.2d 378, 383-84 (4th Cir. 1992), the court cut fees in half because the firm used several attorneys when less would have sufficed.

Attorney Krebs-Markrich, lead counsel, is acknowledged to be a specialist, an expert in the law involved in this case. (Declaration of Julia Krebs-Markrich, doc. 79-2.) Her work on many occasions, however, was reviewed by others.

The research, preparation and drafting of the complaint involved attorneys Krebs-Markrich, Levin, Shiner, Klein and Dorf, with Krebs-Markrich, Shiner and Klein doing the basic work. The billing for the following work will be eliminated:

| | | | |
|---|---|---|---|
| 01/04/2006 | Levin | $ | 668.00 |
| 01/09/2006 | Dorf | $ | 476.00 |
| **Total deduction** | | **$** | **1,144.00** |

The summary judgment motion and brief was worked on by Krebs-Markrich, Dorf, Shiner, Klein and Levin. Most of the work was done by Krebs-Markrich, Dorf and Klein. The billing for the following work will be eliminated:

| | | | |
|---|---|---|---|
| 01/20/2006 | Levin | $ | 125.40 |
| 01/25/2006 | Levin | $ | 83.60 |
| 05/08/2006 | Shiner | $ | 505.50 |
| 05/09/2006 | Shiner | $ | 539.20 |
| 05/10/2006 | Shiner | $ | 1,246.90 |
| **Total deduction** | | **$** | **2,500.60** |

The objection is sustained as to the fees noted above.

### D. Hours Expended Before Filing of Complaint

The time spent prior to the filing of the complaint were spent in an attempt to settle the dispute to avoid litigation. Some of the time spent laid the ground work for the eventual litigation. *Northeast Women's Center, Inc. v. McMonagle*, Civil No. 85-4845, 1988 WL 76098 *3 (E.D. Pa. July 15, 1988). This objection is overruled.

### E. Time Expended on Unnecessary Matters

Defendants claim that work preparing a case management plan and schedule and work on the appeal should not be compensated. Defendants claim that the case management plan and scheduling order work was unnecessary because Plaintiff filed a motion for summary judgment soon after Defendants answered the

4

complaint. Defendants presume that the filing of a dispositive motion automatically cancels the case management conference. This presumption is not correct.

Middle District Local Rule 16.3(a) requires the filing of a joint case management plan at least five days before the case management conference. The case management conference was scheduled for May 24, 2006. The plan would be due no later than May 17, 2006. Plaintiff claims it began preparation of the plan on May 8, 2006 (Pltf.'s Reply Br. at p. 20 n.38 (doc. 93)). The notice of conference was dated April 17, 2006. The motion for summary judgment was filed on May 12, 2006. This court canceled the case management conference on May 15, 2006. Plaintiff had no knowledge that this court would cancel the case management conference upon the filing of a dispositive motion. This objection is overruled.

The work performed on the appeal was undertaken before Defendants notified anyone of their intention to withdraw their appeal. The appeal was filed on January 18, 2008. Three of the disputed time entries were for work performed within three weeks of the filing of the appeal and five months before withdrawal of the appeal. (Pltf.'s Reply Br. at p. 22 (doc. 93).) The confidential position paper required to be filed with the appellate mediator was due on or before July 17, 2008. Work done on this paper on July 10 and July 12, 2008 was not unreasonable to meet this deadline. Defendants notified the mediator of their intent to withdraw the appeal on July 14, 2008. This objection is overruled.

### F. Hours Inadequately Supported

Defendants claim that hours claimed are not adequately supported. The court finds that in two instances hours are not adequately explained and the fees for these hours will be eliminated.

| | | |
|---|---|---|
| 02/15/2005 | Klein - research | $ 405.00 |
| 09/08/2005 | Klein - research on potential litigation | $ 405.00 |
| **Total deduction** | | **$ 810.00** |

The objection is sustained as to the fees noted above.

### G. Costs Not Properly Supported

Defendants claim that the consulting fee claimed by Plaintiff should be denied as well as travel expenses. These fees are proper. *Interfaith Comm. Org. v. Honeywell Int'l, Inc.*, 426 F.3d at 716-17. In addition, under Federal Rule of Civil Procedure 26(b)(4)(B), the nature of the consultation need not be disclosed. Defendants also object to the fees paid for the paralegals and librarians. The rate of pay has been approved previously in this memorandum. These objections are overruled.

### G. Hours Spent on Fee Petitions

The court agrees with Defendants' objections to the amended fee application. The arguments set forth in the amended fee petition were set forth in the initial fee petition and brief in support. The affidavits in support of the amended fee petition are the same as in the initial fee petition. Attorney Shiner's billing for work performed on the amended fee petition will be reduced by half as follows:

    Shiner              $ 1,861.32

## III. Conclusion

An appropriate order reflecting the adjustments to the fee petition as noted above will be issued.

              s/Sylvia H. Rambo
              SYLVIA H. RAMBO
              United States District Judge

Dated: January 9, 2009.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WEST VIRGINIA UNIVERSITY HOSPITAL, INC.,** : | CIVIL NO. 1:CV-06-0082 |
| **Plaintiff** : | |
| v. : | |
| **EDWARD G. RENDELL,** *et al.*, : | |
| **Defendants** : | |

# O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT** fees and costs are awarded to Plaintiff and against Defendants as follows:

| | |
|---|---:|
| Litigation fees | $313,626.70 |
| Fee petition fees | $ 38,096.83 |
| Costs | $   5,882.15 |
| **Total Award** | **$357,605.68** |

                                                           s/Sylvia H. Rambo
                                                           SYLVIA H. RAMBO
                                                           United States District Judge

Dated: January 9, 2009.