# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WEST VIRGINIA UNIVERSITY HOSPITALS, INC., | Civil No. 1: CV-06-0082 |
| Plaintiff, | JUDGE SYLVIA H. RAMBO |
| v. | |
| EDWARD G. RENDELL, Governor of the Commonwealth of Pennsylvania, et al., | |
| Defendants. | |

## TEMPORARY RESTRAINING ORDER

Before the court is a motion for a temporary restraining order and preliminary injunction filed by Plaintiff West Virginia University Hospitals, Inc. ("WVUH") pursuant to Fed. R. Civ. P. 65. (Doc. 101.) Defendants have not filed a written response to the motion, but on July 1, 2009, the court held a conference call with the parties, at which Defendants consented to the issuance of a temporary restraining order. For the reasons that follow, a temporary restraining order will be issued.

On January 11, 2006, WVUH, an out-of-state hospital which treats a significant number of Pennsylvania Medicaid patients, initiated this suit against various Pennsylvania officials challenging the denial of trauma disproportionate share hospital ("Trauma DSH") payments to out-of-state hospitals. On November 5, 2007, Judge Rambo granted summary judgment in favor of WVUH and found that Pennsylvania's Trauma DSH payment system violated the equal protection clause and the dormant commerce clause. (Doc. 55.)

Summary judgment was granted on the basis of the following undisputed facts, which are drawn from the November 5, 2007 opinion and order. Disproportionate share hospital payments, which are jointly funded by the state and federal government, are meant to reimburse hospitals that treat a disproportionate share of Medicaid patients. In 2004, the Pennsylvania legislature passed the Pennsylvania Trauma Systems Stabilization Act ("Trauma Act"), 35 Pa. Cons. Stat. Ann. § 6943.1, *et seq*., which authorized the distribution of Trauma DSH payments to hospitals accredited as Level I, II, or III trauma centers. However, the Trauma Act defined a "hospital" as an institution located within Pennsylvania, and required accreditation by the Pennsylvania Trauma Systems Foundation ("PTSF"), an institution that only accredits Pennsylvania hospitals. WVUH is certified as a Level I trauma center by West Virginia—which, like Pennsylvania, bases its standards on those promulgated by the American College of Surgeons—and it treats a significant number of Pennsylvania Medicaid patients due to its proximity to the Pennsylvania border. However, Pennsylvania denied WVUH Trauma DSH payments solely because it is out of state.

After granting summary judgment in favor of WVUH, on December 12, 2007 Judge Rambo issued a declaratory judgment that the Trauma Act unconstitutionally denies Trauma DSH payments to out-of-state hospitals serving Pennsylvania Medicaid patients. Additionally, Judge Rambo issued an injunction providing as follows:

> Defendants shall not make or distribute any Trauma DSH payments to any eligible provider until a state plan amendment has been fully approved and implemented. If approval and implementation of the state plan amendment requires amendment of the Trauma Act or other statute, Defendants shall not make or distribute any Trauma DSH payments to any eligible provider until an amended statute is passed

2

and effective and whose constitutionality has been approved by this Court.

(Dec. 12, 2007 Judgment ¶ 4.)

Trauma DSH payments are typically dispersed in late June. By June 2008, a new state Medicaid plan that complied with the court's injunction had not yet been implemented. Nevertheless, the parties reached an agreement regarding the disbursement of Trauma DSH payments for the 2007–2008 state fiscal year, (*see* Doc. 74) and on June 17, 2008, Judge Rambo issued an order modifying the December 12, 2007 order to permit the distribution of Trauma DSH payments for the 2007–2008 year only. (*See* Doc. 74.)

On February 27, 2009, Defendants published a notice in the Pennsylvania Bulletin announcing its intent to amend the Trauma DSH payment methodology. The amendment states that "West Virginia University Hospital (WVUH) shall be treated as an in-State hospital for purposes of determining WVUH's eligibility for (including its accreditation status) and calculation of the amount of Trauma DSH payments." (Doc. 101, Ex. C-13 at 1.) However, the amendment restricts payments "to hospitals that are accredited by the Pennsylvania Trauma System Foundation (Foundation) as trauma centers." (*Id.*) On March 27, 2009, Defendants submitted the Pennsylvania state plan, including proposed Trauma DSH amendment, to the Centers for Medicare and Medicaid Services ("CMS") for approval. (Doc. 101, Ex. C-14.) The amendment has not yet been approved, but it will automatically take effect ninety days after it is submitted to CMS for approval, unless CMS chooses to act sooner. 42 C.F.R. § 430.16(a). Once the amendment is approved, Trauma DSH funds will be distributed only to those hospitals which have been accredited by the PTSF as Level I, II, or III trauma centers.

As noted above, WVUH is accredited as a Level I trauma center by West Virginia, and its accreditation has been verified by the American College of Surgeons. However, the PTSF has refused to recognize the accreditation by West Virginia, and WVUH has not pursued PTSF accreditation, which WVUH has characterized as a lengthy and expensive process. WVUH argues that PTSF has no authority to accredit out-of-state hospitals, and thus the amendment continues to deny Trauma DSH payments to out-of-state hospitals which would otherwise be eligible for such payments, in violation of the constitution and the December 12, 2007 order.

WVUH seeks a temporary restraining order barring Defendants from distributing Trauma DSH payments pending resolution of Plaintiff's motion for a preliminary injunction. A temporary restraining order may be issued pursuant to Fed. R. Civ. P. 65 where the moving party shows:

> (1) a reasonable probability of eventual success in the litigation and (2) that the movant will be irreparably injured *pendente lite* if relief is not granted. Moreover, while the burden rests upon the moving party to make these two requisite showings, the district court "should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest.

*Professional Plan Examiners of N.J. v. Lefante*, 750 F.2d 282, 288 (3d Cir. 1984) (citing *In re Arthur Treacher's Franchisee Litigation*, 689 F.2d 1137, 1143 (3d Cir. 1982)); *see also Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004).

Here, WVUH has established a reasonable probability of success on the merits of this action. WVUH argues that even though the proposed state amendment appears facially neutral, it continues to exclude out-of-state hospitals from Trauma

4

DSH payments by requiring accreditation by the PTSF. According to WVUH, the PTSF has no authority to accredit out-of-state hospitals because state law restricts its jurisdiction to accreditation of hospitals located in Pennsylvania. *See* 35 Pa. Cons. Stat. Ann. § 6923 (stating that the function of the PTSF "is to accredit trauma centers in this Commonwealth"). WVUH further argues that the Department of Public Welfare lacks the authority to alter PTSF's legislative mandate by unilaterally declaring WVUH an in-state hospital for the purpose of accreditation. These arguments have threshold merit.

Additionally, WVUH will suffer irreparable injury if a temporary restraining order is not issued. If the funds are wrongfully dispersed, WVUH will be left without a remedy at law because the Eleventh Amendment would bar it from seeking money damages against the state. This order may result in harm to other hospitals who would otherwise be entitled to Trauma DSH payments because it delays such payments until Pennsylvania's payment scheme complies with this court's order and the constitution. However, the order merely results in a delay and not a denial of those payments. In any event, any harm to third parties is outweighed by the risk of irreparable injury to WVUH. Finally, the public interest weighs in favor of the order because a wrongful denial of Trauma DSH funds to WVUH would harm Pennsylvania Medicaid patients who utilize the services of WVUH.

In sum, upon consideration of the submissions by WVUH, the court finds that Plaintiff will suffer immediate and irreparable injury for which there is no adequate remedy at law if a temporary restraining order is not granted. Plaintiff's

5

motion for a temporary restraining order barring Defendants from distributing Trauma DSH payments for the 2008–2009 state fiscal year will be granted.

Federal Rule of Civil Procedure 65(b)(2) provides that a temporary restraining order "expires at the time after entry—not to exceed 10 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Here, Defendants have consented to the TRO until a preliminary injunction hearing may be held. The preliminary injunction hearing will be scheduled for 9:30 on July 22, 2009. Pursuant to Rule 65(b)(2), the temporary restraining order in this case will remain in effect until the preliminary injunction hearing, but in any event no later than July 31, 2009.

Accordingly, **IT IS HEREBY ORDERED THAT**:

(1) Defendants are hereby enjoined from distributing Trauma DSH payments for the 2008–2009 state fiscal year until the resolution of Plaintiff's motion for a preliminary injunction. This order will expire after the preliminary injunction hearing on July 22, 2009, but in any event no later than July 31, 2009.

(2) Pursuant to Fed. R. Civ. P. 65(c), WVUH shall post security in the amount of $100.00, which the court finds is proper to pay the costs and damages that may be sustained by Defendants in the event they is found to have been wrongfully enjoined or restrained.

(3) No later than July 10, 2009, Defendants shall submit a brief in response to Plaintiff's motion.

(4) A hearing will be held on Plaintiff's motion for a preliminary injunction before Judge Rambo on July 22, 2009 at 9:30 a.m. in Courtroom No. 3, Eighth Floor, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania.

                                            /S/ Christopher C. Conner
                                            CHRISTOPHER C. CONNER
                                            United States District Judge
                                            on behalf of Judge Rambo

Dated:     July 1, 2009
Time:      4:10 p.m.